## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HAL BLUE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 9324 |
| | ) | |
| CAVALRY INVESTMENTS, LLC, | ) | |
| | ) | |
| Appellee. | ) | |

## MEMORANDUM ORDER

This action exemplifies the problems presented with some regularity by appeals from orders of the Bankruptcy Court, because it seems that a good many lawyers in that area of practice are unaware of the requirement imposed on them by this District Court's LR 5.2(f):

> **Judge's Copy.** Each person or party filing a paper version of a pleading, motion, or document, other than an appearance form, motion to appear *pro hac vice*, or return of service, shall file, in addition to the original, a copy for use by the court, with the exception of documents filed by Persons in Custody. A Person in Custody need not file a judge's copy. Where a filing is made electronically of a pleading, motion, or document other than an appearance form or return of service, a paper copy shall be provided for the judge within one business day, if the electronically filed document, including all exhibits, exceeds ten pages in length; provided, however, that any judge may, by standing order or by order in any case, dispense with this requirement for documents of greater length or, in the alternative, may direct that counsel submit a paper copy of any filing, regardless of length. Delivery of paper copies by overnight mail satisfies this requirement. Every judge's paper copy must be bound and tabbed as required by subsection (d).

Some of those who practice in that field appear to believe that their designations of record for the appeal in the Bankruptcy Court, which cause the electronic filing of the designated documents in the District Court record, suffice to bring those documents before the District Judge assigned to the case -- an assumption that puts the onus on that judge to police ECF transmissions, ascertain

the existence of newly assigned cases from the Bankruptcy Court (something that's not apparent from the typical ECF listing, which comprises only the case number and name and the words "case assigned to [name of judge]") and impose on his or her staff the task of downloading the record.[1]

In a sense the bankruptcy lawyer who files an appeal under that assumption has forgotten that the District Judge asked to review a Bankruptcy Judge decision is essentially in the same position as a Court of Appeals panel asked to review a District Court ruling, a situation in which all counsel know that they must provide copies for the judges. And even more strikingly in a case such as this one, the physical delivery of a copy of the notice of appeal would immediately have informed this Court that the order appealed from had granted a motion for judgment on the pleadings, so that it would appear that the only documents required for appellate review would be the pleadings, the briefs or memoranda presented by the litigants' counsel to the Bankruptcy Judge and the ruling by the Bankruptcy Judge (whether in a written opinion or via an oral ruling embodied in a transcript).[2]

In summary, both sides' counsel in the underlying adversary proceeding are ordered to provide the documentation described in the preceding paragraph (and perhaps referred to in n.2) at their earliest convenience. If this Court finds any gaps in those submissions that need to be filled it will communicate with counsel, and failing that it will place the matter on its to-do list

---

[1] After considerable deliberation on the subject at its monthly judges' meetings, this District Court has opted for a "dealer's choice" situation, under which each judge may choose whether or not to operate with paper files rather than possibly imperiling his or her eyesight by the constant reading of materials on a computer screen. This Court has chosen the paper route and has reflected that choice as the opening entry on its website.

[2] If either side considers that anything else would be either necessary or useful to the task of resolving the current appeal, this Court would of course welcome that additional input as well.

for disposition in accordance with its seniority in relation to any other fully-briefed motions on its calendar.

                                                            _____
                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date:   November 13, 2015